## J. E. THROPP v. CHARLES RICHARDSON.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY.

Argued February 7, 1890—Decided February 17, 1890.

Where a partner, on the dissolution of the partnership, assumes the payment of all the partnership indebtedness, he is liable in assumpsit for goods supplied to the firm by his copartner, during its existence, with his knowledge and consent.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 149 January Term 1890, Sup. Ct.; court below, No. 61 October Term 1888, C. P.

On July 19, 1888, Joseph E. Thropp brought assumpsit against Charles Richardson. Issue.

At the trial on June 13, 1889, the jury returned the following special verdict.

"That prior to October 25, 1886, the plaintiff Jos. E. Thropp, and defendant Chas. Richardson, were associated together under the firm name of Jos. E. Thropp & Co.; that from October 1 to October 25, 1887, the plaintiff, being the owner of a limestone quarry, furnished to the firm therefrom 1,028½ tons of stone, the market value of which we find to be 65 cents per ton; that the defendant did know of said furnishing of the stone; that the defendant did consent to said furnishing of said stone to said firm; that from October 25, 1886, to October 30, 1886, and after the dissolution of said partnership, which occurred October 25, 1886, said Thropp furnished to said Richardson 230 tons of stone, the market value of which we find to be 65 cents per ton; that by the articles of dissolution the said defendant agreed to assume all the legitimate liabilities of the said copartnership that now (then) appear upon the firm books, or that can be ascertained therefrom. Being ignorant of the law, if in the opinion of the court, under the law, the plaintiff is entitled to recover for the stone furnished prior to the dissolution of the firm, then we find for

Opinion of the Court.

plaintiff $944.81, being debt and interest included, and including all stone furnished; but, if plaintiff is not so entitled to recover, then we find in favor of plaintiff $172.75, being the value of the stone furnished after the dissolution, with interest, which is included in said amount."

On June 24, 1889, the defendant filed motions for a new trial and for judgment for the defendant, non obstante veredicto, which motions were argued, and on December 2, 1889, the court WEAND, J., filed an opinion, which, citing Bast's App., 70 Pa. 301, and Freck v. Blakiston, 83 Pa. 474, concluded:

"We cannot sustain either of the twenty-nine reasons for a new trial.

"And now, December 2, 1889, the motion for a new trial and for judgment non obstante veredicto is overruled; and judgment is entered in favor of plaintiff on the verdict of the jury for $944.81."

Thereupon the defendant took this appeal, specifying that the court erred, inter alia, in entering judgment upon the special verdict in favor of the plaintiff and not in favor of the defendant.

*Mr. Henry C. Boyer*, for the appellant.

Counsel cited: Lindley on Partnership, §§ 569, 800; Patterson v. Frazier, 123 Pa. 420; Norris's App., 30 Pa. 122; Armstrong v. Ware, 20 Pa. 519; Wharton on Contracts, § 647; Lewis v. Carstairs, 5 W. & S. 209; Keating v. Orne, 77 Pa. 93; Story's Eq. J., § 218; McGinity v. McGinity, 63 Pa. 44; Brown v. Gilmore, 92 Pa. 45; Act of June 3, 1885, P. L. 60.

*Mr. Louis M. Childs* (with him *Mr. Montgomery Evans*), for the appellee.

As to the right, counsel cited: Bast's App., 70 Pa. 301; Freck v. Blakiston, 83 Pa. 474. As to the remedy: Wright v. Cumpsty, 41 Pa. 102; Brubaker v. Robinson, 3 P. & W. 295; Van Amringe v. Ellmaker, 4 Pa. 281; Finlay v. Stewart, 56 Pa. 183; Cleveland v. Farrar, 4 Brewst. 27.

PER CURIAM:

The finding of the jury has taken the heart out of the appellant's case. They found specially "that the defendant did

### Statement of Facts.

know of said furnishing of the stone ; that the defendant did consent to said furnishing of said stone to said firm." It was attempted to meet this by an argument to show that the finding was without evidence to support it. But the ingenious and able argument of the learned counsel for the appellant has failed to convince us upon this point. Without going into tedious detail, we think there was evidence amply sufficient to sustain the verdict. The assignments of error are voluminous, and need not be considered separately. None of them is sustained.

Judgment affirmed.